Filed 6/24/21  P. v. Brown CA2/3

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(a). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115(a).

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>BYRON BROWN,<br><br>    Defendant and Appellant. | B300869<br><br>Los Angeles County<br>Super. Ct. No. BA354613 |

APPEAL from an order of the Superior Court of Los Angeles County, Kristi Lousteau, Commissioner. Affirmed.

Lori A. Quick, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, William H. Shin and Roberta L. Davis, Deputy Attorneys General, for Plaintiff and Respondent.

# INTRODUCTION

In 2009, defendant Byron Brown pled no contest to various crimes related to stealing confidential employee information he had access to as an employee at Fox Filming Entertainment (Fox); he was given probation. In 2018, he moved to vacate his plea based on newly-discovered evidence establishing actual innocence. He claimed that a thumb drive described in his plea agreement was not on the Los Angeles Sheriff's Department's (LASD) receipt of items seized in the search of his home. Therefore, he posits, there is no evidence the thumb drive exists, and without it, there's no evidence of his guilt. The court denied the motion, and defendant appeals. We affirm.

# BACKGROUND

## 1. The Underlying Offenses

Defendant is a disgruntled former Fox human resources employee. His conduct was described in a fully-executed eight-page "Disposition Agreement":

"Lynn Franzoi, Vice President of Fox Human Resources, was a victim of a harassing fax and at least one harassing email sent by Mr. Brown. The fax was sent by Mr. Brown on January 23, 2009 (hereinafter 'the fax'). Mr. Brown sent the fax from the [FedEx]/Kinko's location at 12101 Ventura Blvd., Studio City, California. Law [e]nforcement traced the sending location from the phone number printed on top.

"On January 29, 2009 and January 30, 2009, one email each day was sent to Franzoi and [Fox] executives from lynn[email address]. One email contained Franzoi's true Social Security number and each email contained inappropriate,

2

embarrassing comments and a fictitious request for Franzoi's resignation.

"Defendant was identified in [FedEx] Kinko's surveillance video from January 23, 2009 and January 30, 2009 as being at the Studio City location when the fax and email, respectively, were sent. The January 29th and 30th emails were traced back [through] embedded Internet Protocol addresses in the email 'headers' to a [FedEx] Kinko's computer.

"A series of other emails were sent in March 2009. These emails were directed at various Fox executives, including Fox Human Resources Department executives who had worked with [d]efendant. Some of these emails were sent to Fox executives and others were sent to purported employees of the Los Angeles Times newspaper.

"Maria Gray, the Director of Benefits Systems for Fox, was a victim on March 20, 2009. Two phony emails were sent from Maria.gray[email address]. One was sent at 8:02 a.m. to Greg Gelfan, Executive Vice President of [Fox] at Greg[email address], et al., and another at 7:32 a.m. to Irene Truong, Senior Financial Analyst at Irene[email address], et al. Each email appeared to be written and sent by Maria Gray. Other emails, defamatory in nature and containing social security numbers with the last digit deleted, were sent to Pam Saraceno, Fox Vice President of Payroll, and Jim Gianopoulos, Chairman of Fox. Nine [Fox] executives and employees received harassing emails and nine victims were targeted in the emails.

"On March 26th, a warrant was served at the defendant's home. A computer, a thumb drive and several CD-ROMs of data were recovered. The thumb drive and two CD-ROM[s] each contained separate downloads from Fox's PeopleSoft database.

3

One CD contained several thousand individual names, home addresses, social security numbers and other personal identifying information. The other CD contained several thousand individuals' names and personal information. The home computer contained personal identifying information and privileged material of Fox and Fox employees. That information included social security numbers of the several victims named above, as well as Social Security numbers and other confidential information of other Fox executives, entertainment and news personnel."

## 2.     Procedural History

A felony complaint filed March 30, 2009, alleged theft of Franzoi's personal information between January 22 and 30, 2009 (Pen. Code,[1] § 530.5, subd. (a); count 1); false impersonation of Gray on or about March 20, 2009 (§ 529; count 2); theft of personal identifying information of 10 or more people on or about March 26, 2009 (§ 530.5, subd. (c)(3); count 3); four counts of felony unlawful computer access and copying (§ 502, subd. (c)(2); counts 4–7); and making annoying telephone calls to Franzoi, a misdemeanor (§ 653m, subd. (b); count 8).

On July 27, 2009, pursuant to the Disposition Agreement, defendant pled no contest to counts 1, 3, and 4. The following day, the court suspended imposition of sentence and placed defendant on formal felony probation for five years. Among other conditions of probation—which were extensive—defendant was required to serve 182 days in local custody, with credit for time served, and pay $88,007.77 in restitution. The court dismissed the remaining

---

[1] All undesignated statutory references are to the Penal Code.

4

counts and allegations contingent upon the "continuing validity of the plea agreement."

Almost seven years later, on July 18, 2016, defendant filed a petition for a writ of error coram nobis. The trial court denied the petition, and defendant appealed. On September 26, 2017, a different panel of this court affirmed the order by unpublished opinion. (*People v. Brown* (Sept. 26, 2017, B278430) [nonpub. opn.].)

On December 28, 2018, defendant filed a motion to vacate the judgment under section 1473.7, alleging actual innocence based on newly-discovered evidence. The trial court ordered the prosecution to file an informal response to the contention that information contained in the Yahoo IP Report and LASD Receipt for Seized Property would have changed the outcome of the agreement and established actual innocence. The parties waived a formal hearing on the petition, and after an informal response from the prosecution and a reply from defendant, the court denied the motion by written order on August 6, 2019. The court held that defendant could not challenge the terms that he agreed to in the Disposition Agreement, and, in any event, he failed to present credible proof that the new evidence would change the outcome of his case and lead to a determination of factual innocence.

Defendant filed a timely notice of appeal.

## DISCUSSION

Defendant contends that the LASD receipt listing the evidence taken from his apartment does not include the thumb drive cited as the source of personally-identifying information used as the evidence of his guilt. Because there is no evidence the

5

thumb drive exists, he argues, there is no evidence to support his convictions. We disagree.[2]

## 1.     Legal Principles and Standard of Review

Section 1473.7, subdivision (a)(2), which became effective January 1, 2017, allows a person who is no longer in custody to file a motion to vacate his or her conviction or sentence where "[n]ewly discovered evidence of actual innocence exists that requires vacation of the conviction or sentence as a matter of law or in the interests of justice." The motion must be "filed without undue delay from the date the moving party discovered, or could have discovered with the exercise of due diligence, the evidence that provides a basis for relief under this section[.]" (§ 1473.7, subd. (c).)

The moving party has the burden of proving by a preponderance of the evidence that the newly discovered evidence of actual innocence requires vacation of the conviction. (§ 1473.7, subd. (e)(1).) A fact is proved by a preponderance of the evidence if it is more likely than not that the fact is true. (*People v. Superior Court (Kaulick)* (2013) 215 Cal.App.4th 1279, 1305, fn. 28.)

The appellate courts are split on the proper standard of review in appeals from a trial court's grant or denial of a

---

[2] The People argue the motion is untimely because it was filed over a year after the opinion in defendant's most recent appeal became final and two years after the amendment to section 1473.7 went into effect; the filing is almost the same as the coram nobis petition; and defendant had all the information he included in the subsequent motion. They also argue the claims are procedurally barred for various other reasons. We express no opinion on these subjects and exercise our discretion to reach the merits of defendant's claim.

section 1473.7 motion since the statute was amended in 2018. (Compare *People v. Perez* (2020) 47 Cal.App.5th 994, 997 [abuse of discretion] with *People v. DeJesus* (2019) 37 Cal.App.5th 1124, 1132 [independent review].) Further, the question appears to be pending in the California Supreme Court. (*People v. Vivar* (2019) 43 Cal.App.5th 216, 225, 228–229, review granted Mar. 25, 2020, S260270.) But regardless of which standard of review applies, we reject defendant's contentions.

## 2. Defendant did not establish his innocence by a preponderance of the evidence.

Defendant's claim of innocence is based on the premise that a thumb drive purportedly seized from his apartment doesn't appear on the LASD Report for Seized Property. As such, the thumb drive does not exist. And, because the drive contained the evidence against him, without it, there is no evidence to establish his guilt.

As the People note, authorities may well have recovered a thumb drive: Duane Decker's March 27, 2009 Supplemental Report explained that the thumb drive was located in an envelope described in the LASD receipt as evidence item number 7. Even without the thumb drive, however, there was plenty of evidence that defendant committed the acts in the counts to which he pled.[3]

---

[3] Below, defendant also argued that a newly-discovered Yahoo IP report demonstrated that he did not send the threatening emails from FedEx Kinko's as stated in the Disposition Agreement. On appeal, defendant does not sufficiently develop and support this assertion to demonstrate his innocence of the charges. Therefore, we do not discuss it.

As outlined above, the charges were based on the IP address related to the emails, the related fax, the surveillance video from FedEx Kinko's, defendant's prior access to Fox employees' personal identifying information, defendant's anger at having been fired, and defendant's possession of personal identifying information of Franzoi and thousands of other Fox employees on his personal computer and two CD-ROMs. Indeed, defendant does not contest the existence of the CD-ROMs and computer recovered from his home—and the Disposition Agreement established that they *also* contained the personal identifying information of Franzoi and other Fox employees.

Although defendant argues that the Disposition Agreement does not specify that Franzoi's information was found anywhere other than the thumb drive, we agree with the People's interpretation of the Agreement. The Disposition Agreement states: "A computer, thumb drive and several CD-ROMs of data were recovered [from defendant's home]. The thumb drive and two CD-ROM[s] each contained separate downloads from Fox's PeopleSoft database. One CD contained several thousand individual names, home addresses, social security numbers and other personal identifying information. The other CD contained several thousand individuals' names and personal information. *The home computer contained* personal identifying information and privileged material of Fox and Fox employees. *That information*"—namely, information from the home computer—"*included social security numbers of the several victims named above,* as well as Social Security numbers and other confidential information of other Fox executives, entertainment and news personnel." (Italics added.) Franzoi, the victim in count 1, was named as a victim on the previous page of the Agreement.

8

Defendant also argues there is no evidence that the spreadsheet identified in count 4 (named "FES - #299796-V1-TV-STATION-ADDRESS") was contained anywhere other than the thumb drive, and without the thumb drive there is no evidence of his guilt. But the document found on the thumb drive was called "Copy of Copy of FES - #299796-V1-TV-STATION-ADDRESS". Given that the spreadsheet containing Franzoi's personal information also appeared on defendant's personal computer, it is reasonable to infer that defendant copied the other spreadsheets to his computer as well. In any event, without presenting any information about what information was contained on his computer or the CD-ROMs retrieved from his residence, defendant cannot establish his innocence by a preponderance of the evidence.

We cannot conclude, therefore, that the LASD receipt established defendant's innocence such that vacation of his convictions is required as a matter of law or in the interests of justice. (§ 1473.7, subd. (a)(2).)

## DISPOSITION

The order is affirmed.


## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS


LAVIN, J.

WE CONCUR:


EDMON, P. J.


THOMAS, J.*

---

\* Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.